Magdalena Stark, Plaintiff, *v.* Sophia Weisner, Defendant.

Supreme Court, Erie County, February 26, 1926.

Judgments — lien — action by subsequent purchaser of real estate to restrain issuance of execution — judgment entered against " Theresa Weisner "— real property at time judgment was docketed was owned by " Teresa Wiesner " who was same person — judgment not lien as against subsequent purchaser of property — title searcher not required to examine record under name " Weisner."

Plaintiff, a subsequent purchaser of real property formerly owned by " Teresa Wiesner," is entitled to a judgment restraining the issuance of an execution on a judgment docketed against " Theresa Weisner " at a time when the property was held by her under the name of " Teresa Wiesner," since said judgment is not a lien against the property in the hands of the plaintiff for the reason that there is no proof shown that plaintiff is grantor or had actual knowledge of the existence of the judgment and that " Theresa Weisner " and " Teresa Wiesner " were one and the same person; a judgment docketed against " Theresa Weisner " is not constructive notice that property owned by " Teresa Wiesner " is subject to a lien thereof.

The title searcher, who examined the records and dockets in the clerk's office of the county in which the judgment was docketed, was not required to examine under the name " Weisner " when the title to the property searched against was in the name of " Wiesner."

Action to restrain issuing of execution on judgment.

*O'Connor, Newton & Doyle*, for the plaintiff.

*Irving W. Cole*, for the defendant.

HARRIS, J. The object of this action is to obtain a judgment restraining the defendant, Sophia Weisner, from issuing execution upon a judgment recovered in the County Court of Erie county, in an action in which the defendant, Sophia Weisner, was plaintiff and Theresa Weisner was defendant, amounting to $1,126.72, which judgment was docketed in the office of the clerk of the county of Erie on the 23d day of March, 1920, and canceling and setting aside said judgment, so far as it affects certain premises of the plaintiff described in the complaint, and releasing said premises from the lien of said judgment and directing the county clerk of Erie county to cancel said judgment, so far as it affects the plaintiff's premises.

On February 18, 1916, the Peoples Bank of Hamburg, N. Y., executed a certain deed of the premises described in the complaint to George Wiesner and Teresa Wiesner, his wife. The judgment creditor, Sophia Weisner, was the mother of the grantee, George W. Wiesner and the mother-in-law of the grantee, Teresa Wiesner. and at the time of taking the judgment the judgment creditor resided in the household of the daughter-in-law, and she so resided at the time that the daughter-in-law, Teresa Wiesner, made a transfer of the premises described in the complaint. There is no dispute that the judgment debtor and Teresa Wiesner are one and the same person.

The said George Wiesner died on or about November 16, 1916. His widow, Teresa Wiesner, as the surviving tenant by the entirety, conveyed such premises by warranty deed dated April 19, 1923, to one Sam Trkulja and his wife. At the time of the purchase of the property described in the complaint by the said Trkuljas, they received an abstract of title showing that title was in the said Teresa Wiesner. An examination as to the title was made against the said named Wiesner. Subsequently to such transfer and on the 11th day of May, 1923, the said Sam Trkulja and wife conveyed the premises mentioned in the complaint to the plaintiff herein, Magdalena Stark. At the time of the transfer to the Trkuljas the grantees did not know of the existence of the judgment mentioned in the complaint, and did not know that the Theresa Weisner, the judgment debtor, and Teresa Wiesner, their grantee, was one and the same person. The plaintiff herein, at the time of the transfer to her by the Trkuljas, did not know of the existence of the judgment, nor that the judgment debtor and the grantor to their grantor, was one and the same person.

The defendant herein contends that the names Weisner and Wiesner are the same names, and that a careful searcher in searching for Wiesner would have examined the dockets under the name Weisner. I cannot agree with this contention. Perceiving the difference in spelling of the two names and knowing the difference of pronunciation of both names in the English and in the language from which they are derived, I am of the opinion that Weisner and Wiesner are two distinctly different names, and that it was not necessary for the person examining the title to look for Weisner when the title was in Wiesner.

I am also of the opinion that if the defendant has suffered any injury it has been due to her own neglect to pursue her remedies under the judgment. It appears from the testimony that her attorney knew of the different spellings of the name, and that at numerous times the judgment creditor had directed her attorney not to press the judgment against the judgment debtor. As I have said, the judgment debtor and the judgment creditor lived in the same household, and there appears to be no reason why this judgment should have been allowed to lie dormant.

As I am of the opinion that the two names Weisner and Wiesner are not the same, and that, therefore, such judgment is not a lien on the premises in question, I see no reason for directing the county clerk to cancel the lien as against the premises; I do think that the plaintiff should have the relief of a judgment restraining the defendant from issuing execution on such judgment against the premises mentioned in the complaint.

The plaintiff may have judgment providing for a restraining order against the execution of such judgment on the premises and for costs, and findings and judgment may be prepared accordingly.